IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-233-KS

| | | |
|---|---|---|
| JESSE G. YATES, III, and MELISSA YATES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, a Property & Casualty Domestic | ) | |
| Stock insurance company incorporated in | ) | |
| Illinois and wholly owned by State Farm | ) | |
| Mutual Automobile Insurance Company, | ) | |
| An Illinois Property & Casualty Domestic | ) | |
| Mutual insurance company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions purportedly filed by Plaintiffs:

    1.    Motion to compel the North Carolina State Bureau of Investigation to respond to Plaintiffs' "NC FOIA Request" ("motion to compel") [DE #116]; and

    2.    Motion for copies of the jury instructions and trial transcript [DE #117].

For the reasons set forth below, the court denies both motions.

Following a seven-day jury trial on Plaintiffs' claim for breach of insurance contract, the jury returned a verdict in favor of Defendant State Farm Fire and Casualty Company ("State Farm"). On February 7, 2017, the court entered judgment in accordance with the jury's verdict; and, on March 3, 2017, Plaintiffs filed a pro se notice of appeal to the Fourth Circuit Court of Appeals. On March 6, 2017, the notice of appeal was transmitted, and the Fourth Circuit assigned a case number to Plaintiffs' appeal. Thereafter, Plaintiffs purportedly filed the motions presently before the court.

Rule 11 of the Federal Rules of Civil Procedure requires that motions filed with the court be signed by an attorney of record or, if not represented by counsel, by the party personally. *See* Fed. R. Civ. P. 11(a). As neither of the motions filed with the court have been signed by Plaintiffs, the motions are not in compliance with the rules and are subject to being stricken unless the parties promptly bring the motions into compliance with Rule 11. *Id.*

Moreover, Plaintiffs' motion to compel is deficient in other respects. First, it is not a motion properly filed in this action. The North Carolina State Bureau of Investigation was not a party to this action, and the motion does not seek to compel the agency's compliance with a subpoena issued in connection with this action. Rather, the motion complains of the agency's failure to comply with Plaintiffs' "NC FOIA Request."[1] It sounds in the form of a complaint against the agency for failure to comply with North Carolina's public records laws and, as such, is an action separate and distinct from Plaintiff's suit against State Farm. Second, Plaintiffs' appeal of this action has divested this court of jurisdiction to entertain any motion to compel discovery. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). Thus, to the extent Plaintiffs' motion could be construed as a motion properly filed in this action, their appeal of the court's judgment in this case divested the court of jurisdiction to entertain their motion to compel discovery. Third, this action concluded upon the court's entry of judgment on

---

[1] Plaintiffs' use of the term "NC FOIA Request" is imprecise at best. "FOIA" is commonly understood to be the abbreviation for the Freedom of Information Act, which governs public access to federal records. *See* 5 U.S.C. § 552. Access to records maintained by the State of North Carolina is governed by the North Carolina's Public Records Act, N.C. Gen. Stat. § 132-1 *et seq.*

the jury's verdict in favor of State Farm. There are no pending claims and no basis for additional discovery in this matter. Accordingly, Plaintiffs' motion to compel should be denied.

With regard to Plaintiffs' other motion, which seeks copies of the trial transcript and jury instructions, the Fourth Circuit's docket indicates that Plaintiffs have been advised of the procedure for obtaining a transcript of the trial proceedings and have made arrangements to obtain those portions desired. Plaintiffs' request for a copy of the trial transcript is, therefore, dismissed as moot. The court grants Plaintiffs' request for a copy of the jury instructions.

## **CONCLUSION**

For the foregoing reasons, the court DENIES Plaintiffs' motion to compel, DISMISSES as moot Plaintiffs' motion for trial transcript, and GRANTS Plaintiffs' request for a copy of the jury instructions. The clerk is DIRECTED to provide Plaintiffs with a copy of the instructions provided to the jury, as well as a copy of the jury's verdict.

This 15th day of May 2017.

KIMBERLY A. SWANK
United States Magistrate Judge